ALEX G. TSE (CABN 152348)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7071
Fax: (415) 436-6748
robin.wall@usdoj.gov

Attorneys for United States of America

FILED

APR 20 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REQUEST FROM THE COURT OF APPEAL OF PARIS, FRANCE, REQUESTING INFORMATION FROM GOOGLE, INC. AND YOUTUBE LLC<br><br>RE SAGEMCOM BROADBAND SAS & SAGEMCOM HOLDING v. GOOGLE INC. and YOUTUBE LLC, No. 17/09423 | MISC. NO. CV 18 80 071 MISC DMR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

## I. INTRODUCTION

The Court of Appeal of Paris, France, seeks certain information from Google, Inc. ("Google") and YouTube LLC ("YouTube"). The Parisian court has made a request to the United States Department of Justice for international judicial assistance pursuant to 28 U.S.C. § 1782 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555; T.I.A.S. No. 7444; 847 U.N.T.S. 231, reproduced following 28 U.S.C.A. § 1781 ("Hague Evidence Convention"). By this application, the United States of America asks this Court to appoint Assistant United States Attorney ("AUSA") Robin M. Wall as Commissioner so that AUSA Wall can subpoena certain information from Google and YouTube for transmission to the Parisian court. Representatives of Google, YouTube, and the United States Attorney's Office have met and conferred

about the substance of the request from the Parisian court. Google and YouTube do not object to the appointment.

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 1345 and 1782 as the United States has commenced these proceedings to obtain relief provided by treaty.

## II. FACTUAL BACKGROUND

The Parisian court has ordered that certain information about a number of Gmail and YouTube accounts and videos be provided by Google and YouTube in the above-captioned Parisian action. *See* Declaration of Robin M. Wall ("Wall Decl."), Ex. A (letter to Google enclosing request from Parisian court). The specific account and video information requested is identified in a December 6, 2017, judgment of the Parisian court. *See id.*, Dec. Dec. 6, 2017, Judgment of the Paris Court of Appeal at 8-10. This information is sought by the Parisian Court of Appeal in connection with the above-captioned lawsuit in France. *Id.*

The U.S. Attorney's Office has met and conferred via electronic mail with Legal Counsel for Google and YouTube regarding the Parisian court's request. Wall Decl. ¶¶ 3-4. Google and YouTube have indicated that they have no objection to this application, as described in the proposed order submitted herewith. Wall Decl. ¶ 4.

## III. ARGUMENT

The United States District Courts are empowered by 28 U.S.C. § 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals. The Parisian court has asked the U.S. Attorney's Office to obtain information and documents from Google in Mountain View, California, and YouTube in San Bruno, California, which are located within the jurisdiction of this Court.

### A. This Court should appoint a Commissioner to subpoena information from Google and YouTube on behalf of the Parisian court.

The authority of this Court to order the production of evidence for use in a proceeding in a foreign country is set forth in 28 U.S.C. § 1782, which provides that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any

> interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has the power to administer any necessary oath and take the testimony or statement.

28 U.S.C. § 1782(a). The legislative history of this statutory provision shows that Congress intended for the United States to set an example for other countries in rendering international judicial assistance. The Senate report states:

> ... Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects. It is hoped that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures.

S. Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3783.

The appropriate criteria for determining whether the court should exercise its discretion in favor of assisting a foreign tribunal are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720 (9th Cir. 1977):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal. This court also has held that the investigation in connection with which the request is made must relate to a judicial or quasi judicial controversy.

Seoul District Criminal Court, 555 F.2d at 723 (citation omitted).

The letter of request in this case (Wall Decl., Ex. A) shows that the information sought is for use in such proceedings in France and thus the request comes well within those circumstances contemplated by Congress in expanding the federal courts' authority to act in such matters. *See In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Toyko District, Toyko, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). For these reasons, the United States asks this Court to honor the request for assistance.

**B. Google and YouTube have agreed to search for and send responsive information to the United States, which will transmit the information to the Parisian court.**

Google and YouTube agreed and confirmed in writing that they will search for and release the requested information to the U.S. Attorney's Office in accordance with the terms and conditions set

forth in the accompanying proposed order. Wall Decl., ¶ 4. Although the receipt and review of letters rogatory and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner, *see Tokyo Dist.*, 539 F.2d at 1220; the United States has provided Google and YouTube with this application, the proposed order, and the supporting papers prior to the date of this filing, and Google and YouTube have stated that they have no objection to the application. As described in the proposed order, Google and YouTube will provide notice of the subpoena to the relevant account holder and afford him or her the opportunity to file an objection or motion to quash in this action.

## IV. CONCLUSION

For the reasons set forth above, the United States respectfully asks this Court to issue the accompanying proposed order appointing a Commissioner.

Dated: April 20, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

*/s/ Robin M. Wall*
ROBIN M. WALL
Assistant United States Attorney